1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LATOYA MARIE COLEMAN-TAYLOR and
THOMAS TAYLOR,

               Plaintiffs,

       v.

MULTICARE HEALTH SYSTEM, d/b/a
GOOD SAMARITAN HOSPITAL,

               Defendant.

No.

COMPLAINT FOR DAMAGES AND
OTHER RELIEF

JURY DEMAND

     NOW COME THE PLAINTIFFS, Latoya Marie Coleman-Taylor and Thomas Taylor, by

their attorney, PATRICIA S. ROSE, and the LAW OFFICE OF PATRICIA S. ROSE, and

hereby complain against the Defendant MultiCare Health System d/b/a Good Samaritan

Hospital, and its employees and/or agents as follows.

PLAINTIFFS' COMPLAINT FOR
DAMAGES AND OTHER RELIEF-- 1

Patricia S. Rose, WSBA #19046
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
206-622-8964 (VOICE)
206-694-2695 (FACSIMILE)
patty@pattyroselaw.com (EMAIL)

**INTRODUCTION**

1.1     Plaintiffs Latoya Marie Coleman-Taylor and Thomas Taylor are a married inter-racial couple and engaged at the time of the events in this litigation.  They sought emergency care at MultiCare Health System d/b/a Good Samaritan Hospital for serious medical symptoms being experienced by Ms. Coleman-Taylor. They were treated with hostility and derision by the defendant medical staff because of their race and age difference.  Ms. Coleman-Taylor was laughingly referred to as "prostitute." Mr. Taylor was assumed to be a pimp or sex trafficker. Instead of receiving compassionate medical care, Ms. Coleman-Taylor's private life was probed, her character impugned, and her symptoms were all but ignored, simply because she was an African American woman in a relationship with an older Caucasian man.

1.2     'Defendants' actions violate state and federal laws prohibiting race discrimination as well as the common law of the State of Washington.  Defendant is liable for the discriminatory acts of its agents and for the compensatory damages resulting from the emotional injuries inflicted upon Plaintiffs.

## II.     JURISDICTION AND VENUE

2.1     Jurisdiction and venue are proper in this Court under 28 USC §§1331 and §1332.

2.2     Plaintiffs have satisfied any conditions precedent to filing this action and/or exhausted, any administrative remedies required by law before initiation of this action.

## III.     PARTIES

PLAINTIFFS' COMPLAINT FOR
DAMAGES AND OTHER RELIEF-- 2

Patricia S. Rose, WSBA #19046
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
206-622-8964 (VOICE)
206-694-2695 (FACSIMILE)
patty@pattyroselaw.com (EMAIL)

3.1     At the time of events at issue in this Complaint, Plaintiff LaToya Marie Coleman-Taylor was a 31-year-old African American citizen of the United States residing in Puyallup, Washington.  She currently is a resident of Fairfax County, Virginia.

3.2     At the time of the events giving rise to this Complaint, Plaintiff Thomas Taylor was a 58-year-old Caucasian citizen of the United States residing in Puyallup, Washington and Plaintiff's fiancé. He is currently a resident of Fairfax County Virginia.

3.3     Defendant MultiCare Health System is a not-for-profit corporation that owns and operates health care facilities and hospitals throughout Washington State doing business in the Western District of Washington including Good Samaritan Hospital in Puyallup Washington.

3.4     Defendant (hereinafter "Defendant" and /or "MultiCare") and Good Samaritan Hospital is a place of public accommodation within the meaning of RCW 49.60.030 *et seq* and 42 U.S.C. §2000a.

## IV     STATEMENT OF FACTS

4.1     At the time of the events arising in this Complaint, Ms. Coleman-Taylor became ill and sought treatment at an urgent care facility in Federal Way, Washington. She was experiencing such symptoms she described as "split second blackouts" and symptoms consistent with a urinary tract infection, and an elevated heart rate.  She was given an EKG, blood and urine samples taken, and a pelvic exam performed.  She was discharged and told that if she experienced any more heart-related symptoms she should immediately go to a hospital emergency room.

PLAINTIFFS' COMPLAINT FOR
DAMAGES AND OTHER RELIEF-- 3

Patricia S. Rose, WSBA #19046
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
206-622-8964 (VOICE)
206-694-2695 (FACSIMILE)
patty@pattyroselaw.com (EMAIL)

4.3     The evening of October 17, 2018, Ms. Coleman-Taylor again experienced what she believed was a blackout and continued rapid heart rate and potential cardiac symptoms.  As a result, Plaintiff Taylor brought Ms. Coleman-Taylor to the emergency room of Defendant MultiCare's Good Samaritan Hospital in Puyallup, Washington, for medical evaluation and treatment.

4.4     Plaintiff Coleman-Taylor was first taken to the 'nurses' station where her blood pressure was taken and she was hooked up to an EKG and heart monitor.  The Emergency Department nurse asked Ms. Coleman-Taylor if she "was safe." Ms. Coleman-Taylor responded that she was.

4.5     After a short period of time in the 'nurses' station, Ms. Coleman-Taylor was seen in an examination room by an individual identified on Defendant's records as "Travis" in the presence of her fiancé.  Travis immediately looked at Plaintiffs and asked them if they "were a pair?" Plaintiff Coleman-Taylor explicitly stated that he was and indicated "he's, my partner; we're in a relationship."

4.6     Travis appeared incredulous and said, "Really?" Before he would begin examining the Plaintiff, he asked her how long they had been going together, where they met, what website they met on and why Plaintiff had moved to Washington from Virginia.  He also questioned her about her employment and commented on her long fingernails.  Plaintiff Coleman-Taylor told Travis that she moved to Washington to be with her partner, and had obtained a job here.  He left the examining room informing Ms. Coleman-Taylor that he would bring a nurse in to get a urine sample.

PLAINTIFFS' COMPLAINT FOR
DAMAGES AND OTHER RELIEF-- 4

Patricia S. Rose, WSBA #19046
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
206-622-8964 (VOICE)
206-694-2695 (FACSIMILE)
patty@pattyroselaw.com (EMAIL)

4.8     Shortly thereafter, an individual identified in Defendant's records as "Shawna" entered the room and began to question Plaintiff Coleman-Taylor as to who Plaintiff Taylor was (referring to him as "this handsome fellow") and also asked about their relationship.  When told by Plaintiff Coleman-Taylor that they were planning to get married, Shawna asked "When's the wedding?" Like Travis before her, she asked Ms. Coleman-Taylor with an air of skepticism, "Are you guys really a pair?" and was told that they were.  She then left the room without even taking the urine sample.

4.9     After Shawna had left the room, Plaintiff Taylor left the examining room and approached Travis and Shawna, who had their backs to him.  As he approached them, they were laughing.  Plaintiff Taylor heard Travis say to Shawna, "***This black girl – being young – and this white guy – being old – 'can't be a true couple. She's got to be a prostitute."*** Both of these individuals continued to laugh until they saw Mr. Taylor in their presence.  He told them that the urine sample remained in the room and then immediately returned to the examining room, humiliated and embarrassed by their comments.

4.10    Plaintiff Taylor informed Plaintiff Coleman-Taylor what Defendants Travis and Shawna had been saying outside of her presence and she understandably became extremely upset.

4.11    A physician, who is identified in Defendant's records as Stephen Barnhart, next entered the examining room.  Upon information and belief, Barnhardt had discussed Plaintiffs with Defendants Travis and Shawna before entering the room as one of the first things he stated when he entered the room was "You two are together? That's just odd.  How long have you been together?" He explicitly asked Plaintiff Coleman-Taylor whether she was being held against her

PLAINTIFFS' COMPLAINT FOR
DAMAGES AND OTHER RELIEF-- 5

Patricia S. Rose, WSBA #19046
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
206-622-8964 (VOICE)
206-694-2695 (FACSIMILE)
patty@pattyroselaw.com (EMAIL)

will.  Again, she reassured Dr. Barnhart that she was just fine and was not being held against her will.

4.12    Another female staff person then entered the room and asked Plaintiff Taylor to step out, stating that they needed to do a pelvic exam on Plaintiff Coleman-Taylor.  She then escorted Plaintiff Taylor out of the examining room and out of the Emergency Room treatment area to a waiting room.

4.13    After Mr. Taylor had left, Defendants Barnhart, Travis and Shawna all returned and began to again interrogate Plaintiff Coleman-Taylor about her personal life.  Dr. Barnhart told Coleman-Taylor that "We had to get that strange guy out of the room. It's just odd". He then again asked Coleman-Taylor if she had been held against her will.  When told "no," he asked her, "Did he bring you over here for prostitution?" When Ms. Coleman-Taylor, visibly distraught, said "No" Barnhart stated, "It appears that way." Coleman-Taylor told him that "We're in a normal relationship; we're a normal couple."

4.14    Plaintiff Coleman-Taylor was advised that they wanted to do a pelvic exam to test her for sexually transmitted diseases. Ms. Coleman-Taylor Plaintiff refused, informing Defendant's employees, as she had previously told them, that she had just had a normal pelvic exam the day before at an urgent care center.  Before leaving the examining room, Dr. Barnhart once again stated to Plaintiff Coleman-Taylor that "If you are being held here against your will, you can tell us. You can tell us anything."

PLAINTIFFS' COMPLAINT FOR
DAMAGES AND OTHER RELIEF-- 6

Patricia S. Rose, WSBA #19046
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
206-622-8964 (VOICE)
206-694-2695 (FACSIMILE)
patty@pattyroselaw.com (EMAIL)

4.15    Plaintiff Coleman-Taylor was thoroughly humiliated, embarrassed and distraught. She understood that Defendants believed that she was a prostitute and that her fiancé was really a pimp; it was apparent that the comments and responses were based on the differences in their respective races and ages.

4.16    After being escorted away from his fiancé's room, Plaintiff Taylor waited patiently in the waiting area and was unable to witness what transpired.  When he was able to return to the examination room with his fiancé, she advised him as to what happened outside of his presence. She told him that she would like to inform Travis, Dr. Barnhart, and Shawna about the racist stereotypes and inappropriateness of the behavior and treatment towards them. A hospital employee who was collecting insurance information was requested to bring all three individuals back into the room.  Plaintiff Coleman-Taylor indicated, and the employee acknowledged that Ms. Coleman-Taylor intended to record the conversations.

4.17    The only person that came back into the room was Travis.  Nonetheless, she then proceeded to record the conversation on a cell phone and attempted to show him online photographs of other interracial couples, including those with age differences similar to theirs. Both Plaintiffs stated how their stereotypical comments were inappropriate and hurtful, and Travis reiterated that the concern was for the brief period of time since she had moved from Virginia.   Plaintiff Taylor reiterated that he did not bring her to Washington to "pimp her out."

4.18    Although Travis expressed an apology to Plaintiff Coleman-Taylor on behalf of himself, he did not formally extend it to Plaintiff Taylor.  He informed Plaintiff Coleman Taylor

PLAINTIFFS' COMPLAINT FOR
DAMAGES AND OTHER RELIEF-- 7

Patricia S. Rose, WSBA #19046
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
206-622-8964 (VOICE)
206-694-2695 (FACSIMILE)
patty@pattyroselaw.com (EMAIL)

that they had identified a urinary tract infection and had prescribed mediation but that they were ready for discharge.

4.19    The totality of the environment that was created by the collective behavior and conduct toward both of the Plaintiffs was insulting, degrading, demeaning and insulting and humiliating. Defendant's actions were an affront to each Plaintiff's personal dignity.

4.20    Additionally, no employee of Defendant MultiCare made any meaningful attempt to assess, diagnose, or use any equipment or procedure, to determine the basis for the blackout and cardiac symptoms that Plaintiff Coleman-Taylor had reported and repeatedly stressed to them was her primary concern. After Travis left the conversations, Plaintiffs were discharged with little information as to how to proceed except a standard discharge summary form

4.21    In addition to being racially discriminatory, the totality of Defendant's conduct, while Plaintiff was ostensibly under the care of trained and qualified personnel supervised by health care professionals, was objectively substandard and did not involve any significant evaluation of Plaintiff's report of blackouts through diagnostic scans or other methods.  Any cursory medical services provided to assess either her cardiac or neurological symptoms were grossly deficient and departed entirely from the standard of care expected of reasonably prudent medical personnel assessing an individual with Plaintiff Coleman-Taylor's symptoms in an emergency room environment.

4.22    Plaintiffs were so disturbed with the conduct of Defendant employees that they reported their experience to MultiCare's corporate compliance staff within days. Defendant's

PLAINTIFFS' COMPLAINT FOR
DAMAGES AND OTHER RELIEF-- 8

Patricia S. Rose, WSBA #19046
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
206-622-8964 (VOICE)
206-694-2695 (FACSIMILE)
patty@pattyroselaw.com (EMAIL)

internal investigation concluded that the statements and queries made were due to a perceived concern of human trafficking that was not motivated by the race of the Plaintiffs.

4.23    Additionally, Plaintiff Coleman-Taylor filed an administrative charge of public accommodations with the State of Washington Human Rights Commission, a charge which is still pending at that agency.

## V.    CAUSE OF ACTION NO. 1-PUBLIC ACCOMMODATIONS DISCRIMINATION IN VIOLATION OF WASHINGTON LAW

5.1    Plaintiff realleges Paragraphs 1.1 to 4.23 as if fully set forth herein.

5.2    Defendant's actions, and those of its agents individually and collectively, directly and/or indirectly caused both Plaintiffs to be treated as not welcome, accepted, desired, or served because of race and/or race by association in violation of RCW 49.60.030 et *seq.*

5.3    Defendant's actions, individually and collectively, directly and/or indirectly, resulted in a distinction, restriction and/or discrimination based upon each Plaintiff's race in violation of RCW 49.60.215.

5.4    Plaintiff Coleman-Taylor's race was a substantial factor that caused the above discrimination and perception that she was a victim of sexual trafficking Plaintiff Taylor also experienced race discrimination due to his association with Plaintiff Coleman-Taylor.

5.5    As a result of the above conduct, each Plaintiff was deprived of the full enjoyment of the services and privileges offered in a place of public accommodation in violation of RCW 49.60.030(1)(b) and RCW 49.60.215, *et seq.*

PLAINTIFFS' COMPLAINT FOR
DAMAGES AND OTHER RELIEF-- 9

Patricia S. Rose, WSBA #19046
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
206-622-8964 (VOICE)
206-694-2695 (FACSIMILE)
patty@pattyroselaw.com (EMAIL)

5.6     Defendant is strictly liable for the actions of its employees in engaging in prohibited race discrimination in violation of the Washington Law Against Discrimination in their actions toward each Plaintiff.

### VI.     CAUSE OF ACTION NO. 2-PUBLIC ACCOMODATIONS DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1964

6.1     Paragraphs 1.1 to 5.6 are realleged as if fully set forth herein.

6.2     Defendant is a place of public accommodation covered by the Civil Rights Act of 1964.

6.3     42 U.S.C. §2000a of that Act is violated when, because of race, individuals are denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation.

6.4     Upon information and belief, Defendant's employees treated Plaintiff differently than others seeking emergency medical services because of the interracial nature of their relationship and their age differences.

6.5     Defendant's actions and omissions to act towards Plaintiffs violated Plaintiffs' right to be free of race discrimination in a place of public accommodations and was prohibited by the federal Civil Rights Act of 1964 and specifically 42 USC § 2000a.

### VII.     CAUSES OF ACTION NO. 3-RACE DISCRIMINATION IN VIOLATION OF 42 USC § 1981

7.1     Paragraphs 1.1 to 6.5 are realleged as if fully set forth herein.

PLAINTIFFS' COMPLAINT FOR
DAMAGES AND OTHER RELIEF-- 10

Patricia S. Rose, WSBA #19046
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
206-622-8964 (VOICE)
206-694-2695 (FACSIMILE)
patty@pattyroselaw.com (EMAIL)

7.2    42 U.S.C. §1981 provides in pertinent part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens."

7.3    Defendant's interactions with Plaintiffs formed an implied contract for medical services that would be performed with an express covenant of good faith and fair dealing. Additionally, Defendant promises to deliver services with "respect [and] kindness" which did not occur in the services provided to Plaintiffs.

7.4    Under 42 USC §1981, each of the Plaintiffs here were entitled to contract for medical treatment, evaluation and services at Good Samaritan Hospital free of discriminatory treatment based on race or race by association or because of their interracial relationship.

7.5    Defendant's actions breached this contractual undertaking with Plaintiffs and violated 42 USC §1981.

7.6    Alternatively, Plaintiffs attempted to contract for certain services from agents of Defendant when they requested emergency treatment and evaluation and were denied the right to contract for those services due to their interracial relationship.

7.7    Defendant is liable for the actions of its employees described above

7.8    Defendant's actions and omissions to act violated 42 U.S.C. §1981.

## VIII.   CAUSE OF ACTION NO. 4- MEDICAL NEGLIGENCE IN VIOLATION OF RCW 7.70 *ET SEQ.*

PLAINTIFFS' COMPLAINT FOR
DAMAGES AND OTHER RELIEF-- 11

Patricia S. Rose, WSBA #19046
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
206-622-8964 (VOICE)
206-694-2695 (FACSIMILE)
patty@pattyroselaw.com (EMAIL)

8.1    Paragraphs 1.1 to 7.8 are realleged as if fully set forth herein.

8.2    The actions of Defendant's employees failed to follow the accepted standard of care for health care providers employed in hospital emergency rooms and/or departments in the State of Washington

8.3    Plaintiffs suffered injuries and damages as a result of the inadequate care and services and conduct that Plaintiffs did not consent to in their interactions with Defendant's staff.

8.4    Defendant and its individual agents are all health care providers within the meaning of RCW 7.70 *et seq.*

**IX.    CAUSE OF ACTION NOS.   5, 6 and 7---NEGLIGENT SELECTION, NEGLIGENT SUPERVISION AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

9.1    Paragraphs 1.1 to 8.4 are realleged as if fully set forth herein.

9.2    Defendant had a duty to exercise reasonable care in its selection of emergency room personnel and particularly health care providers.

9.3    Defendant also had a duty to exercise reasonable care in supervision of emergency room personnel and particularly health care providers performing services in that setting.9.4    Defendant breached those duties in its employees' actions and omissions to act in their conduct towards each Plaintiff on October 17th and 18th of 2018.

9.5    As a result of its breach of the duties owed to Plaintiff, each Plaintiff experienced objective symptomology of emotional distress.

PLAINTIFFS' COMPLAINT FOR
DAMAGES AND OTHER RELIEF-- 12

Patricia S. Rose, WSBA #19046
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
206-622-8964 (VOICE)
206-694-2695 (FACSIMILE)
patty@pattyroselaw.com (EMAIL)

9.6     Defendant's actions and omissions to act were negligent per *se and* proximately caused tangible and intangible harm to each Plaintiff.

## X      CAUSE OF ACTION NO.  9-TORT OF OUTRAGE

10.1    Paragraphs 1.1. to 9.6 are realleged as if fully set forth herein.

10.2    The actions and omissions to act by employees of Defendant in their interactions with the Plaintiffs caused extreme emotional distress to them.

## XI.     DAMAGES

11.1    Paragraphs 1.1 to 10. 2 are realleged as if fully set forth herein.

11.2    As a proximate cause of the conduct of Defendant, each Plaintiff has suffered and continues to suffer damages for intangible losses including humiliation, embarrassment, emotional distress, loss of ability to enjoy life and other intangible harm in an amount to be proven at trial.

11.3    As a proximate cause of the conduct of Defendant, each Plaintiff has suffered special damages for medical treatment and other out of pocket expenses and actual losses in an amount to be proven at trial.

PLAINTIFFS' COMPLAINT FOR
DAMAGES AND OTHER RELIEF-- 13

Patricia S. Rose, WSBA #19046
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
206-622-8964 (VOICE)
206-694-2695 (FACSIMILE)
patty@pattyroselaw.com (EMAIL)

11.4    Defendant is strictly liable for the actual and special damages proximately caused by each of its employees' violation of Plaintiff's civil right to be free of race discrimination in public accommodations under state law and under 42 USC §1981.

11.5     Plaintiffs are entitled to punitive damages for Defendant's agents' reckless violation of each Plaintiff's civil rights under 42 USC §1981

## XII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

1.     Compensatory damages for loss of past and economic damages in an amount to be proven at trial;

2.     Compensatory damages for intangible losses, emotional distress, humiliation, embarrassment, loss of ability to enjoy life, and loss of reputation;

3.     Reimbursement for all medical and other out pocket expenses and special damages incurred by Plaintiff;

4.     Punitive damages for Defendant's reckless violation of Plaintiffs' civil rights as authorized under 42 USC §1981;

5     Reasonable attorney's fees, litigation costs including expert witness fees and other relief as authorized by RCW 49.60.030 and 42 USC §1988;

6.     Pre-judgment interest on any liquidated sums and post-judgment interest on any amounts recovered from the time of judgment to the time of satisfaction of judgment;

PLAINTIFFS' COMPLAINT FOR
DAMAGES AND OTHER RELIEF-- 14

Patricia S. Rose, WSBA #19046
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
206-622-8964 (VOICE)
206-694-2695 (FACSIMILE)
patty@pattyroselaw.com (EMAIL)

7.      Injunctive and/or other equitable relief necessary to prevent similar violations as authorized by the Civil Rights Act of 1964; and

8.      Any other relief the Court deems just and appropriate.

Dated this 15th day of  October 2021

**LAW OFFICE OF PATRICIA S. ROSE**

By: *Patricia S. Rose*
_____
Patricia S.  Rose WSBA #19046
Attorney for Plaintiffs
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
(206) 622-8964 (o); (206) 694-2695 (fax)
Email:  patty@pattyroselaw.com

PLAINTIFFS' COMPLAINT FOR
DAMAGES AND OTHER RELIEF-- 15

Patricia S. Rose, WSBA #19046
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
206-622-8964 (VOICE)
206-694-2695 (FACSIMILE)
patty@pattyroselaw.com (EMAIL)

**VERIFICATION**

I, LATOYA COLEMAN-TAYLOR-TAYLOR, am over eighteen years of age.  I am one of the Plaintiffs in the above-captioned matter.  I have reviewed the facts and allegations in this Complaint and do affirm under penalty of perjury under the laws of the United States that they are true and correct to the best of my knowledge and belief.

Dated at _Fairfax County_ Virginia this _15th_ day of October 2021

_LaToya Coleman-Taylor_
LaToya Coleman-Taylor

I, THOMAS TAYLOR, am over eighteen years of age and am one of the Plaintiffs in the above-captioned matter.   I have reviewed the facts and allegations in this Complaint and do affirm under penalty of perjury under the laws of the United States that they are true and correct to the best of my knowledge and belief.

Dated at _Fairfax County_ Virginia this _15th_ day of October 2021

_Thomas Taylor_
Thomas Taylor

PLAINTIFFS' COMPLAINT FOR
DAMAGES AND OTHER RELIEF-- 16

Patricia S. Rose, WSBA #19046
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
206-622-8964 (VOICE)
206-694-2695 (FACSIMILE)
patty@pattyroselaw.com (EMAIL)